Bradley Smith
vs.
Trans union LLC et. al.

ELECTRONICALLY FILED
2014 Sep 19 PM 3:17
CLERK OF THE LEAVENWORTH COUNTY DISTRICT COURT
CASE NUMBER: 2014-CV-000353

**SUMMONS**

To the above-named Defendant/Respondent:

**Equifax Inc
p.o. box 740241
atlanta, GA  30374**

You are hereby notified that an action has been commenced against you in this court. You are required to file your answer or motion under K.S.A. 60-212, and amendments thereto, to the petition with the court and to serve a copy upon:

AJ Stecklein
748 Ann Ave
Kansas City, KS 66101

within 21 days after service of summons on you.

Clerk of the District Court

**Documents to be served with the Summons:**

**EXHIBIT A**

ELECTRONICALLY FILED
2014 Sep 19 PM 3:17
CLERK OF THE LEAVENWORTH COUNTY DISTRICT COURT
CASE NUMBER: 2014-CV-000353

## In the District Court of Johnson County, Kansas

| | |
|---|---|
| Bradley K. Smith<br><br>          Plaintiff,<br>vs.<br><br>Trans Union LLC and Equifax Inc.<br><br>          Defendants. | Case No.: _____<br>Division: ____<br><br>Chapter 60 |

### PETITION

COMES NOW Plaintiff, through counsel, and for Plaintiff's causes of action against Defendants states:

1.  Jurisdiction of this Court arises under 15 U.S.C. §1681p and 28 U.S.C. §1331.

2.  Plaintiff is a resident of Kansas.

**Count I - Defendant Trans Union LLC - Willful Violation of the Fair Credit Reporting Act - Failure to maintain reasonable procedures to assure maximum possible accuracy**

Comes now Plaintiff against the Defendant Trans Union LLC and states and alleges to the Court:

3.  Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length.

4.  Defendant Trans Union LLC Inc. is a corporation.

5.  Defendant does business in the Johnson County, Kansas.

6.  Defendant was and is engaged in the business of credit reporting, all within Kansas.

7.  Pertinent hereto, Trans Union LLC was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

8.  Pertinent hereto, Trans Union LLC was a "person" and "consumer reporting

agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

9. Pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

10. Pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

11. 15 U.S.C. §1681e(b) mandates that Trans Union LLC implement reasonable procedures to assure maximum possible accuracy to prevent inaccurate information in Plaintiff's consumer reports.

12. Defendant reported that Plaintiff had declared bankruptcy, which is false.

13. The inaccurate personal identifier puts Plaintiff at risk of having some other person's bad credit reported on Plaintiff's credit report unbeknownst to Plaintiff and jeopardizing Plaintiff's credit repayment history, reflecting poorly on Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

14. Because Plaintiff knows of the highly publicized and very harmful effects of identity theft or other wrong credit information that can result from an incorrect personal identifiers on Plaintiff's credit report, the wrongful assertion has caused Plaintiff to suffer damages in "garden variety" emotional distress, including, but not limited to embarrassment, humiliation, aggravation, inconvenience, frustration and worry.

15. Because Defendant knows of the highly publicized and very harmful effects of identity theft or other wrong credit information that can result from an incorrect personal identifiers because of the products Defendant offers for sale to prevent such occurrences, Defendant has acted intentionally, which includes reckless disregard entailing an unjustifiably high risk of harm that is either know or so obvious that it should have been known.

16. Plaintiff has also suffered damages because of the denial of employment because of the wrongful insertion in Plaintiff's credit reports.

17. Under 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendant Trans Union LLC is liable to the Plaintiff for willfully and/or negligently failing to comply with the requirements imposed on consumer reporting agencies of information under 15 U.S.C. §1681e(b) in assuring reasonable procedures to assure maximum possible accuracy to prevent such reinsertions of inaccurate information in Plaintiff's reports.

18. Upon information and belief, Defendant Trans Union LLC has been sued in the past for identical situations and has failed to implement reasonable procedures to assure maximum possible accuracy in its credit reports.

19. The conduct of Defendant Trans Union LLC was a direct and proximate cause, and a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff outlined more fully above and Defendant Trans Union LLC is liable to the Plaintiff for the amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, and such further relief, as permitted by law.

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant Trans Union LLC based on the following requested relief:

    a. Statutory damages;

    b. Actual damages;

    c. Costs and reasonable attorney's fees under 15 U.S.C. §§1681n and 1681o; and

    d. Such other and further relief as may be necessary, just and proper.

### Count II - Defendant Trans Union LLC - Negligent Violation of the Fair Credit Reporting Act - Failure to maintain reasonable procedures to assure maximum possible accuracy

Comes now Plaintiff against the Defendant Trans Union LLC and states and alleges to the Court:

20. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length.

21. Under 15 U.S.C. §1681o, Defendant Trans Union LLC is liable to the Plaintiff for negligently failing to comply with the requirements imposed on consumer reporting agencies of information under 15 U.S.C. §1681e(b) in assuring reasonable procedures to assure maximum possible accuracy to prevent the above described inaccurate information in Plaintiff's reports.

22. The conduct of Defendant Trans Union LLC was a direct and proximate cause, and a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff outlined more fully above and Defendant Trans Union LLC is liable to the Plaintiff for the amount actual damages, along with the attorneys' fees and the costs of litigation, and such further relief, as permitted by law.

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant Trans Union LLC based on the following requested relief:

  a. Actual damages;

  b. Costs and reasonable attorney's fees under 15 U.S.C. §§1681n and 1681o; and

  c. Such other and further relief as may be necessary, just and proper.

### Count III - Defendant Equifax Inc. - Willful Violation of the Fair Credit Reporting Act - Failure to maintain reasonable procedures to assure maximum possible accuracy

Comes now Plaintiff against the Defendant Equifax Inc. and states and alleges to the Court:

23. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length.

24. Defendant Equifax Inc. Inc. is a corporation.

25. Defendant does business in the Johnson County, Kansas.

26. Defendant was and is engaged in the business of credit reporting, all within Kansas.

27. Pertinent hereto, Equifax Inc. was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

28. Pertinent hereto, Equifax Inc. was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

29. Pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

30. Pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

31. 15 U.S.C. §1681e(b) mandates that Equifax Inc. implement reasonable procedures to assure maximum possible accuracy to prevent inaccurate information in Plaintiff's consumer reports.

32. Defendant reported that Plaintiff had declared bankruptcy, which is false.

33. The inaccurate personal identifier puts Plaintiff at risk of having some other person's bad credit reported on Plaintiff's credit report unbeknownst to Plaintiff and jeopardizing

Plaintiff's credit repayment history, reflecting poorly on Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

34. Because Plaintiff knows of the highly publicized and very harmful effects of identity theft or other wrong credit information that can result from an incorrect personal identifiers on Plaintiff's credit report, the wrongful assertion has caused Plaintiff to suffer damages in "garden variety" emotional distress, including, but not limited to embarrassment, humiliation, aggravation, inconvenience, frustration and worry.

35. Because Defendant knows of the highly publicized and very harmful effects of identity theft or other wrong credit information that can result from an incorrect personal identifiers because of the products Defendant offers for sale to prevent such occurrences, Defendant has acted intentionally, which includes reckless disregard entailing an unjustifiably high risk of harm that is either know or so obvious that it should have been known.

36. Plaintiff has also suffered damages because of the denial of employment because of the wrongful insertion in Plaintiff's credit reports.

37. Under 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendant Equifax Inc. is liable to the Plaintiff for willfully and/or negligently failing to comply with the requirements imposed on consumer reporting agencies of information under 15 U.S.C. §1681e(b) in assuring reasonable procedures to assure maximum possible accuracy to prevent such reinsertions of inaccurate information in Plaintiff's reports.

38. Upon information and belief, Defendant Equifax Inc. has been sued in the past for identical situations and has failed to implement reasonable procedures to assure maximum possible accuracy in its credit reports.

39: The conduct of Defendant Equifax Inc. was a direct and proximate cause, and a

substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff outlined more fully above and Defendant Equifax Inc. is liable to the Plaintiff for the amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, and such further relief, as permitted by law.

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant Equifax Inc. based on the following requested relief:

a. Statutory damages;

b. Actual damages;

c. Costs and reasonable attorney's fees under 15 U.S.C. §§1681n and 1681o;

and

d. Such other and further relief as may be necessary, just and proper.

### Count IV - Defendant Equifax Inc. - Negligent Violation of the Fair Credit Reporting Act - Failure to maintain reasonable procedures to assure maximum possible accuracy

Comes now Plaintiff against the Defendant Equifax Inc. and states and alleges to the Court:

40. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length.

41. Under 15 U.S.C. §1681o, Defendant Equifax Inc. is liable to the Plaintiff for negligently failing to comply with the requirements imposed on consumer reporting agencies of information under 15 U.S.C. §1681e(b) in assuring reasonable procedures to assure maximum possible accuracy to prevent the above described inaccurate information in Plaintiff's reports.

42. The conduct of Defendant Equifax Inc. was a direct and proximate cause, and a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff

outlined more fully above and Defendant Equifax Inc. is liable to the Plaintiff for the amount actual damages, along with the attorneys' fees and the costs of litigation, and such further relief, as permitted by law.

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant Equifax Inc. based on the following requested relief:

      a. Actual damages;

      b. Costs and reasonable attorney's fees under 15 U.S.C. §§1681n and 1681o;

and

      c. Such other and further relief as may be necessary, just and proper.

Respectfully Submitted,
ATTORNEYS FOR PLAINTIFF

/s/ A.J. Stecklein

A.J. STECKLEIN #16330
MICHAEL RAPP # 25702
Consumer Legal Clinic, LLC
748 Ann Ave
Kansas City, KS 66101
Telephone: (913) 371-0727
Facsimile: (913) 371-0147
Email: aj@kcconsumerlawyer.com
       mr@kcconsumerlayer.com



US POSTAGE
FIRST-CLASS
$7.40
062S0006727656
66101

CERTIFIED MAIL

7013 2250 0002 3175 4215

Consumer Legal Clinic, LLC
748 Ann Avenue
Kansas City, Kansas 66101

Equifax, Inc.
Registered Agent:
The Prentice-Hall Corporation System, Kansas, Inc.
2900 SW Wanamaker Drive, Suite 204,
Topeka, Kansas 66614